UNITED STATES COURT OF APPEALS
**Filed 4/18/96**
TENTH CIRCUIT

MICHAEL EUGENE PRICE,

     Plaintiff-Appellant,

v.

TULSA COUNTY DISTRICT COURT,
CLIFFORD E. HOPPER, DAVID MOSS,
SAM COX, RON WALLACE, BERRY L.
DERRYBERRY, DAVID ISKY, EDDIE
MAJORS, JEFFERY HARRISON,
MICHAEL EUBANKS, JAMES MAXON,
REBECCA BRAND, MICHAEL O'BRIAN,

     Defendants-Appellees.

No. 95-5233
(D.C. No. 95-C-811-H)
(N. Dist. Okla.)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

     *This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Michael Eugene Price, a state prisoner, brought a civil rights action under 42 U.S.C. § 1983 seeking monetary damages for the alleged violation of his constitutional rights during his state criminal trial. The district court concluded his action lacked an arguable basis in law and dismissed without prejudice. Mr. Price appeals, and we affirm.

Mr. Price's first conviction was reversed in state court because the judge used an erroneous "presumed not guilty" jury instruction. Mr. Price alleges that Judge Clifford Hopper, the Tulsa County District Attorney's office, the Tulsa County Public Defender's Office, and others conspired to convict him again and sentence him to a longer sentence than he received in the first trial. He contends they deprived him of a fair trial and effective assistance of counsel, and tried him even though the Court of Criminal Appeals had not yet issued a mandate.

We review a district court's legal conclusions under a de novo standard. Zimmerman v. Sloss Equip. Co., 72 F.3d 822, 827 (10th Cir. 1995). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nonetheless, although Mr. Price's claims may eventually be heard in federal court, they are not yet cognizable.

Mr. Price essentially challenges the validity of his conviction in Oklahoma state

-2-

court. "In general, exhaustion of state remedies 'is <u>not</u> a prerequisite to an action under §

1983,' even an action by a state prisoner." <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2369

(1994) (emphasis added) (citations omitted) (quoting <u>Patsy v. Board of Regents of Fla.</u>,

457 U.S. 496, 501, and citing <u>id.</u> at 509). However, the Supreme Court held in <u>Heck</u> that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus. A claim for damages bearing that
> relationship to a conviction or sentence that has <u>not</u> been so invalidated is
> not cognizable under § 1983.

<u>Id.</u> at 2372 (citations and footnote omitted). In so ruling, the Court recognized "the hoary

principle that civil tort actions are not appropriate vehicles for challenging the validity of

outstanding criminal judgments." <u>Id.</u>

The Court held accordingly that when a state prisoner asserts such a section 1983

claim, "the district court must consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence." <u>Id.</u> The district court here

concluded that this was the case and dismissed Mr. Price's action. In such situations,

<u>Heck</u> dictates that "the complaint must be dismissed unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated." <u>Id.</u> Mr. Price has made no

such showing.

It would not make any difference if we were to construe Mr. Price's arguments as

setting out a claim for relief under the federal habeas corpus statute, 28 U.S.C. § 2254. In contrast to section 1983, claims may be brought under section 2254 only after state prisoners have "exhausted the remedies available in the courts of the State."[1] See Heck, 114 S. Ct. at 2369 n.3 (quoting 28 U.S.C. § 2254(b)); Rose v. Lundy, 455 U.S. 509 (1982). Thus, Mr. Price would still have to have pursued his claims in state court.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] This is so unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Mr. Price has alleged neither to be the case.

-4-